UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT - 5 2009

Clerk, U.S. District and
Bankruptcy Courts

)
IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR )   MISC. NO. ____ *09-530*
·AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
_____ )   UNDER SEAL

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this ex parte application for an Order pursuant to 18 U.S.C.

§ 2703(d) to require Google, Inc., an internet service provider located in Mountain View,

California, which functions as an electronic communications service provider and/or a remote

computing service, to provide records and other information pertaining to the following e-mail

addresses: ███████████ The records and other information requested are set forth in

Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL AND FACTUAL BACKGROUND

1.     The United States government, including the Department of Justice, is

investigating allegations of an unauthorized transmission of national defense information in

violation of, inter alia, 18 U.S.C. § 793 (Unauthorized Transmission of National Defense

Information).

2.     Investigation to date of these incidents provides reasonable grounds to believe

that Google, Inc., has records and other information that are relevant and material to an ongoing

criminal investigation. Because Google, Inc., functions as an electronic communications service

provider (it provides its subscribers access to electronic communication services, including e-

mail and the Internet) and/or a remote computing service (it provides computer facilities for the storage and processing of electronic communications), Title 18 U.S.C. section 2703 sets out particular requirements that the government must meet in order to obtain access to the records and other information it is seeking. Here, the government seeks to obtain the following categories of information: (1) basic subscriber information, and (2) connection records and other information pertaining to a certain Google, Inc., e-mail account.

3. Through an order pursuant to 18 U.S.C. § 2703(d) the government may obtain subscriber name, address, length and type of service, connection and session records, telephone or instrument number including any temporarily assigned network address, and means and source of payment information regarding a specified e-mail account. 18 U.S.C. § 2703(c)(1)(B), (c)(2).

4. To obtain records and other information pertaining to subscribers of an electronic communications service provider or remote computing service (not including the contents of communications), the government must comply with 18 U.S.C. section 2703(c)(1), which provides, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity --
>
> . . . .
>
> (B) obtains a court order for such disclosure under subsection (d) of this section.

5.      Section 2703(d), in turn, provides in pertinent part:

> A court order for disclosure under subsection (b) or (c) may be issued by any
> court that is a court of competent jurisdiction[1] and shall issue only if the
> governmental entity offers specific and articulable facts showing that there are
> reasonable grounds to believe that the contents of a wire or electronic
> communication, or the records or other information sought, are relevant and
> material to an ongoing criminal investigation. . . . A court issuing an order
> pursuant to this section, on a motion made promptly by the service provider, may
> quash or modify such order, if the information or records requested are unusually
> voluminous in nature or compliance with such order otherwise would cause an
> undue burden on such provider.

Accordingly, this application sets forth specific and articulable facts showing that there are

reasonable grounds to believe that the materials sought are relevant and material to an ongoing

criminal investigation.

6.      More specifically, there is reasonable cause to believe, based on the FBI's

investigation to date, that in June 2009 classified United States national defense information was

published in an article on a national news organization's website (hereinafter the "June 2009

article"). The disclosed national defense information was (and still is) classified at the TOP

SECRET level. "Classified" information is defined by Executive Order 12958, as amended by

Executive Order 13292, and their predecessor orders, Executive Orders 12356 and 12065, as

information in any form that: (1) is owned by, produced by or for, or under control of the United

States government; (2) falls within one or more of the categories set forth in the Order; and (3) is

---

1 18 U.S.C. § 2711(3) states that "the term 'court of competent jurisdiction' has the meaning
assigned by section 3127, and includes any Federal court within that definition, without
geographic limitation." Section 3127 defines the term "court of competent jurisdiction" as "any
district court of the United States (including a magistrate judge of such a court) or any United
States court of appeals having jurisdiction over the offense being investigated." 18 U.S.C.
§ 3127(2)(A).

classified by an original classification authority who determines that its unauthorized disclosure reasonably could be expected to result in damage to the national security. Where such damage could reasonably result in "exceptionally grave" damage to the national security, the information may be classified as "TOP SECRET."

7.      Classified information, of any designation, may be shared only with persons determined by an appropriate United States government official to be eligible for access to classified information, who have signed an approved non-disclosure agreement and who possess a "need to know." If a person is not eligible to receive classified information, classified information may not be disclosed to that person. The unauthorized disclosure of such information is prohibited by 18 U.S.C. § 793, among other statutes and regulations.

8.      Following the disclosure of the national defense information in the June 2009 article, an FBI investigation was initiated to determine the source(s) of the unauthorized disclosure. The investigation has revealed that one individual who had access to the TOP SECRET national defense information was Stephen Jin-Woo Kim, a Lawrence Livermore National Laboratory employee who was on detail to the Department of State at the time of the publication of the June 2009 article. Mr. Kim possesses a TOP SECRET security clearance. As an government employee with a security clearance, Mr. Kim has executed multiple SF 312 Classified Information Non-Disclosure Agreements. SF 312 Agreements are legally binding agreements between an individual being granted, or already in possession of, a security clearance, and the United States Government which states that the individual never disclose classified information without authorization. As used in the SF 312 Agreement, classified

- 4 -

information is marked or unmarked classified information, including oral communications, that is classified under the standards of Executive Order 12356, as well any other Executive Order or statute that prohibits the unauthorized disclosure of information in the interest of national security.

9.     The investigation has further revealed that approximately four hours before the June 2009 article was published, Mr. Kim accessed electronically on his classified work computer the intelligence report that contained the TOP SECRET classified information which later that day was disclosed in the June 2009 article. The intelligence report was clearly marked TOP SECRET and plainly instructed the reader that all of the information contained in the report was classified TOP SECRET and was not authorized for disclosure. Nevertheless, the FBI's investigation has further revealed evidence that *at the same time that Mr. Kim was viewing this TOP SECRET report he placed two telephone calls to the reporter who later that afternoon would authored the June 2009 article* (hereinafter "Reporter A"). In the hour following those calls to Reporter A, the FBI's investigation has further revealed evidence suggesting that the Mr. Kim met face-to-face with Reporter A outside of the Department of State. Specifically, the FBI has obtained electronic entry and exit records from the Department of State that demonstrate that Mr. Kim and Reporter A, who also worked at the Department of State at the time, departed and then later returned to the building at nearly the same time and location. They were both absent from the building for approximately 40 minutes. Approximately three hours after that probable face-to-face meeting between Mr. Kim and Reporter A, the June 2009 article was published on the Internet. Immediately following the publishing of the article, yet another call was placed

from Mr. Kim's work telephone to Reporter A's telephone number.

10.     Mr. Kim was not authorized, directly or indirectly, by the U.S. government to deliver, communicate, or transmit the TOP SECRET information contained in the June 2009 article to Reporter A or any other member of the press, and Reporter A was not authorized to receive it.

11 .     On September 24, 2009, the FBI conducted a non-custodial interview of Mr. Kim concerning the leak of classified information in the June 2009 article, among others. During that interview, Mr. Kim denied being a source of the classified information in the June 2009 article. He admitted to meeting Reporter A in approximately March 2009 but denied having any contact with Reporter A since that time. Mr. Kim stated that Department of State protocol required that he would have to go through the Department of State press office before he could speak with the press. Mr. Kim added, "I wouldn't pick-up a phone and call [Reportor A] or [the news organization that Reporter A works for]."

12.     An analysis of call records for *Mr. Kim's* Department of State *work phone* reveals that between May 26, 2009 and July 14, 2009, *36 calls* were placed to or received from telephone numbers associated with Reporter A, including 7 calls on the day that the June 2009 article was published.

13.     During the September 24, 2009 non-custodial interview, when ask by the FBI for a cell phone number to reach him in the future, Mr. Kim stated that his cell phone was "no longer active" as of the day of the interview. Mr. Kim indicated to the FBI that he would be purchasing a new cell phone with a different number.

14.     An analysis of call records for **Mr. Kim's cell phone** (which he apparently intends to disconnect after his interview with the FBI) reveals that between May 26, 2009 and June 30, 2009, **27 calls** were placed to or received from telephone numbers associated with Reporter A.

15.     During the same September 24, 2009 non-custodial interview, Mr. Kim provided the FBI with e-mail account ██████████████████ as a means of contacting him in the future.[2] One day later, Mr. Kim e-mailed the FBI and stated that (like his soon to be disconnected cell phone) "[m]y yahoo account that I gave you is full and am going to get rid of it. I can be reached at ████████████."

16.     It is apparent from the foregoing both that Mr. Kim has been in contact with Reporter A on multiple occasions in the recent past and that Mr. Kim does not want the FBI, who he knows is investigating the leak of classified information in the June 2009 article, to know about those contacts. Thus, the Applicant further certifies that records of subscriber and connection information related to Mr. Kim's e-mail accounts, including ██████████████,  would be relevant to the government's ongoing criminal investigation in that they will provide agents with investigative leads, and potential evidence at trial either confirming how and when Mr. Kim had contact with Reporter A or that he purposefully created an e-mail account that would be free of such contacts and then provided it to the FBI.

17.     The internet service provider for ██████████████ is Google, Inc.

18.     By this Application, the government does not seek the content of e-mails sent from or received by ██████████████ Rather, the government seeks the subscriber and

---

2  The government submits herewith this filing a separate 2703(d) Application for subscriber and connection information related to e-mail account ██████████████.

connection information (including the e-mail header, or "To" and "From," information) related to the accounts. Specifically, Part 1 of Attachment A to the proposed order, requests subscriber information, namely:

    a.    name(s) and e-mail address;

    b.    address(es);

    c.    local and long distance telephone connection records, or records of session times and durations;

    d.    length of service (including start date) and types of service utilized;

    e.    telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

    f.    the means and source of payment for such service (including any credit card or bank account number).

Such basic subscriber information, which is specifically enumerated in section 2703(c)(2), can be obtained by either subpoena or a 2703(d) order, as the government seeks here. See 18 U.S.C. § 2703(c)(2) and (c)(1)(B).[3]

    19.    By this Application, the government also seeks the non-content connection and router information (including the e-mail addressing, or "To" and "From," information) related to ▮▮▮▮▮▮▮▮▮▮. This type of information falls between basic subscriber information, described above, and the "contents of a wire or electronic communication," which require either a

---

3 Although the government may use a subpoena to compel disclosure of basic subscriber information, in this case, for purposes of simplicity, the government seeks to compel disclosure of both basic subscriber information (in Part 1 of the Attachment to the proposed order) and non-content connection and router information (in Part 2 of the Attachment to the proposed order) pursuant to a 2703(d) order.

warrant under section 2703(a) or the legal process described in section 2703(b) of the Electronic Communications Privacy Act (ECPA). See 18 U.S.C. § 2703(a) & (b). Rather, such non-contention connection and router information falls into a third category of information described in the ECPA as "a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications)." 18 U.S.C. § 2703(c). By its own language, this "catch-all" category of information extends beyond the basic subscriber information enumerated in section 2703(c)(2), and includes any other "record" or "information" that are not the contents of the wire or electronic communication in question. Common examples of "record[s] or other information . . . pertaining to a subscriber" that can be obtained with a 2703(d) order include transactional records such as account logs that record account usage and e-mail addresses of other individuals with whom the account holder has corresponded. See United States v. Allen, 53 M.J. 402, 409 (C.A.A.F. 2000) (concluding that "a log identifying the date, time, user, and detailed internet address of sites accessed" by a user constituted "a record or other information pertaining to a subscriber or customer of such service" under ECPA); see also Hill v. MCI Worldcom, 120 F. Supp. 2d 1194, 1195-96 (S.D. Iowa 2000) (concluding that the "names, addresses, and phone numbers of parties . . . called" constituted "a record or other information pertaining to a subscriber or customer of such service" for a telephone account). As the United States District Court directed in In re Applications of the Untied States for America for Orders Pursuant to Title 18, United States Code, Section 2703(d):

> section 2703(c) makes a clear distinction between "sterile" subscriber data and more detailed non-content transactional data. Under section 2703(c)(2), the government may obtain basic subscriber records, such as name, address, length of service, and means of payment (including any credit card or bank account number), by mere subpoena. Thus,

the 'records and other information' obtainable by means of a section 2703(d) order must consist of data containing greater detail than the records subject to an administrative subpoena by section 2703(c)(2). Any other construction would render section 2703(c)(2) superfluous.

In re Applications of the Untied States for America for Orders Pursuant to Title 18, United States

Code, Section 2703(d), 509 F. Supp. 2d 76, 80 n. 8 (D. Mass. 2007). Such information can be

obtained by a court order issued pursuant to section 2703(d), among other methods enumerated in

section 2703(c)(1). See 18 U.S.C. § 2703(c)(1)(C)); see also H.R. Rep. No. 103-827, at 10, 17,

31 (1994), reprinted in 1994 U.S.C.C.A.N. 3489, 3490, 3497, 3511 ("The bill . . . requir[es] law

enforcement to obtain a court order for access to electronic mail addressing information.").

Indeed, section 2703(d) orders are broadly used and widely accepted for this purpose across the

country.[4]

     20.    It is this type of non-content information that the government seeks in Part 2 of the

Attachment to the proposed order. Specifically, Part 2 of the Attachment to the proposed order

requests:

> User connection logs for the accounts listed in Part 1. This information shall include:
>
> a.     connection time and date;
>
> b.     disconnect time and date;
>
> c.     method of connection to system (e.g., SLIP, PPP, Shell);
>
> d.     data transfer volume (e.g., bytes);

---

4 In this District, each of the Magistrate Judges has granted applications for 2703(d) orders directing the disclosure of non-content connection and router information enumerated in Part 2 of Attachment A to the proposed order. See, e.g., Misc. No. 07-558 (Magistrate Judge Facciola); 07-445 (Magistrate Judge Kay); Misc. No. 08-28 (Magistrate Judge Robinson).

         e.     connection information for other systems to which user connected, including:

            a.     connection destination;

            b.     connection time and date;

            c.     disconnect time and date;

            d.     method of connection to system (e.g., telnet, ftp, http);

            e.     data transfer volume (e.g., bytes);

            f.     non-content e-mail header information, i.e., "To" and "From" e-mail addresses; and

            g.     any other relevant routing information.

Such historical information is stored in records kept by Google, Inc., and pertains to a particular subscriber or customer. Thus, the information falls comfortably within the statutory catch-all definition of "a record or other information pertaining to a subscriber to or customer." 18 U.S.C. §2703(c)(1). Further, such connection and router records are "non-content information" as they do not provide the actual contents of any e-mail. Cf 18 U.S.C. § 2510(8) (defining the "contents" of a communication to include information concerning its "substance, purport, or meaning"). Accordingly, such records may be compelled pursuant to a 2703(d) order.

     21.     The government requests that Google, Inc., be directed to produce all records described in Attachment A to the proposed Order. The information should be readily accessible to Google, Inc., by computer search, and its production should not prove burdensome. Further, the United States requests that this application and Order be sealed by the Court until such time as the Court directs otherwise. Finally, the United States requests that pursuant to the preclusion of notice provisions of 18 U.S.C. section 2705(b), Google, Inc., be ordered not to notify any person

(including the subscriber or customer to which the materials relate) of the existence of this Order for such period as the Court deems appropriate. The United States submits that such an order is justified because notification of the existence of this Order would seriously jeopardize the ongoing investigation. Such a disclosure would give the subscriber an opportunity to destroy evidence, change patterns of behavior, notify confederates, or flee or continue his flight from prosecution.

WHEREFORE, it is respectfully requested that the Court grant the attached Order, (1) directing Google, Inc., to provide the United States with the records and information described in Attachment A; (2) directing that the application and Order be sealed; (3) directing Google, Inc., not to disclose the existence or content of the Order, except to the extent necessary to carry out the Order; and (4) directing that three certified copies of this application and Order be provided by the Clerk of this Court to the United States Attorney's Office.

EXECUTED on this _5th_ day of October, 2009.

Respectfully submitted,

CHANNING PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 498-610

G. Michael Harvey
Assistant United States Attorney
DC Bar No. 447-465

- 12 -

555 4th Street, NW – 11th Floor
Washington, D.C. 20530
202-305-4155
michael.harvey2@ usdoj.gov

UNITED STATES DISTRICT COURT **FILED**

FOR THE DISTRICT OF COLUMBIA    OCT - 6 2009

Clerk, U.S. District and
Bankruptcy Courts

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE | ) | |
| UNITED STATES OF AMERICA FOR | ) | MISC. NO. ___**09-532**___ |
| AN ORDER PURSUANT TO | ) | |
| 18 U.S.C. § 2703(d) | ) | |
|  | ) | <u>UNDER SEAL</u> |

<u>ORDER</u>

This matter having come before the Court pursuant to an application under Title 18,

United States Code, Section 2703, which application requests the issuance of an order under Title

18, United States Code, Section 2703(d) directing Google, Inc., an electronic communications

service provider and/or a remote computing service, located in Mountain View, California, to

disclose certain records and other information, as set forth in Attachment A to this Order, the

Court finds that the applicant has offered specific and articulable facts showing that there are

reasonable grounds to believe that the records or other information and the contents of a wire or

electronic communication sought are relevant and material to an ongoing criminal investigation.

IT APPEARING that the information sought is relevant and material to an ongoing

criminal investigation, and that notice of this Order to any person of this investigation or this

application and Order entered in connection therewith would seriously jeopardize the

investigation;

IT IS ORDERED pursuant to Title 18, United States Code, Section 2703(d) that Google, Inc., will, within three days of the date of this Order, turn over to agents of the the records and other information as set forth in Attachment A to this Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three (3) certified copies of this application and Order.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, and that Google, Inc., shall not disclose the existence of the application or this Order of the Court, or the existence of the investigation, to the listed subscriber or to any other person, unless and until authorized to do so by the Court.

United States Magistrate Judge

10/15/09

Date

cc:

G. Michael Harvey
Assistant United States Attorney
555 4th Street, NW – 11th Floor
Washington, D.C. 20530
tel: 202-305-4155
michael.harvey2@ usdoj.gov

- 2 -

You are to provide the following information as printouts and electronic files (preferably in Excel format), if available:

1. The following customer or subscriber account information for any accounts registered to, or associated with: ▮▮▮▮▮▮▮▮▮ For each such account, the information shall include:

 a. name(s) and e-mail address;

 b. address(es);

 c. local and long distance telephone connection records, or records of session times and durations;

 d. length of service (including start date) and types of service utilized;

 e. telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

 f. the means and source of payment for such service (including any credit card or bank account number).

2. User connection logs for the accounts listed in Part 1. This information shall include:

 a. connection time and date;

 b. disconnect time and date;

 c. method of connection to system (e.g., SLIP, PPP, Shell);

 d. data transfer volume (e.g., bytes);

 e. connection information for other systems to which user connected, including:

  a. connection destination;

b.        connection time and date;

c.        disconnect time and date;

d.        method of connection to system (e.g., telnet, ftp, http);

e.        data transfer volume (e.g., bytes);

f.        non-content e-mail header information, i.e., "To" and "From" e-mail addresses; and

g.        any other relevant routing information.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. §2703(d) FOR ACCOUNT: ▮▮▮▮▮▮▮▮ | **MISC. NO. 09-532**<br><br>Related to:<br>Criminal No. 1:10-cr-00225-CKK<br>Misc. No: 1:16-mc-02183<br><br>**UNDER SEAL** |

## MOTION TO MODIFY SEALING ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court for a modification of the order granted by Magistrate Judge John M. Facciola on October 5, 2009 sealing the above-captioned application, order and related paperwork which was sought during the investigation of <u>United States v. Stephen Jin-Woo Kim</u>, Criminal No. 1:10-cr-00225-CKK. This request for partial unsealing is necessary in order to prevent the inadvertent disclosure of personal information or sources and methods related to reporter James Rosen and/or Fox News Network. In support of its motion, the United States states further:

### Background

On October 5, 2009, Magistrate Judge Facciola granted the Government's motion to seal the above-captioned application for pen registers and trap and trace devices, finding that sealing the aforementioned would further the legitimate prosecutorial interest in preserving the integrity of the ongoing criminal investigation of Stephen Jin-Woo Kim ("Kim"). On April 2, 2014, this Court accepted Kim's plea of guilty to a violation of Title 18 U.S.C. Section 793(d) and imposed a lawful sentence. The Government, in turn, dismissed the remaining count in the indictment, thereby resolving the criminal case.

On October 21, 2016, the Reporters Committee for Freedom of the Press ("Reporters Committee") filed an application for access to certain sealed court records, to include any applications for pen register and trap and trace devices, and orders pursuant to 18 U.S.C §2703(d), in the <u>Kim</u> matter. At that time, the Government undertook a review of its investigative files and determined that there was no longer a basis to keep the documents sought by the application of the Reporters Committee under seal. The Government then informed counsel for the Reporters Committee that it intended to move to unseal all of the documents at issue in the application.

## Circumstances Leading to Request to Modify Sealing Order

On November 21, 2016, counsel for reporter James Rosen and Fox News contacted Government counsel and expressed concern that the unsealing of the documents would unnecessarily disclose personal information or sources and methods related to the reporter and/or Fox News. Government counsel informed counsel for Mr. Rosen and Fox News that it had intended to redact any personally identifying information, such as dates of birth, email addresses, and phone numbers to protect the privacy of those involved. However, Government counsel could not make representations about whether the redacted documents would nevertheless reveal reporter sources and methods.

Consequently, the United States respectfully requests that it be permitted to disclose proposed redacted versions of the above-captioned application, order and related paperwork to James Rosen and to counsel for James Rosen and Fox News Network in order to allow for meaningful review prior to the Government moving to fully unseal. The United States will instruct counsel that counsel may also disclose the content of the partially unsealed documents to senior leadership at Fox News Network.

## Relief Sought

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court modify the sealing order to allow the United States to disclose proposed redacted versions

of the above-captioned application, order and related paperwork to the individuals described herein. A proposed Order is submitted herewith.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By: _____/s/_____

Deborah A. Curtis
Assistant United States Attorney
National Security Section
California Bar Number 172208
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920
deborah.curtis@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER PURSUANT TO 18 U.S.C.
§      2703(d)      FOR      ACCOUNT:
█████████████████████

MISC. NO. 09-532

UNDER SEAL

**FILED**

NOV 2 9 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ORDER
(November 29, 2016)

The Government has moved to modify the sealing order in the above captioned application on the request of James Rosen and/or Fox News Network. Upon consideration of the Government's motion to modify the sealing order and for the reasons set forth in the Government's motion, it is this 29th day of November, 2016,

**ORDERED** that the Government's motion is hereby GRANTED, and that the above-captioned application, order and related paperwork be partially unsealed. It is further

**ORDERED** that James Rosen and counsel for James Rosen and Fox News Network shall provide the Government with any input regarding the propriety of fully unsealing these documents by no later than **December 6, 2016**. It is further

**ORDERED** that the Clerk of the Court shall mail a copy of this order, overnight, to:

Deborah A. Curtis
Assistant United States Attorney
National Security Section
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920

**SO ORDERED.**

_/s/_
COLLEEN KOLLAR-KOTELLY
United States District Judge

/ʌ|\

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. §2703(d) FOR ACCOUNT: ███████ | **MISC. NO. 09-532**<br><br>Related to:<br>Criminal No. 1:10-cr-00225-CKK<br>Misc. No: 1:16-mc-02183<br><br>**UNDER SEAL** |

## **MOTION FOR UNSEALING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to unseal all motions, applications, orders and related paperwork in the above-captioned matter. As set forth in the Government's motion to seal the original application, granted by Magistrate Judge John M. Facciola on October 5, 2009, sealing of the above-described documents was necessary at that time because they contained facts concerning a continuing investigation and release of those facts could endanger the course and outcome of the investigation. Since Judge Facciola's Order, the investigation and resultant criminal case -- United States v. Stephen Jin-Woo Kim, Criminal No. 1:10-cr-00225-CKK -- have been resolved. Accordingly, there is no present law enforcement reason for continued sealing of the documents.

To protect the privacy of those involved, the Government respectfully requests that all personally identifiable information, including names of uncharged individuals, email addresses, and phone numbers that appear in the original application and order be redacted prior to those documents being placed on the public docket. Unredacted versions of those respective documents are appended to this Motion for the Court's review as Attachments A and C. Proposed redacted versions of the documents are appended as Attachments B and D.

By this Motion, the Government also seeks the unsealing of a motion to modify the original

sealing order and the Court's order granting that motion, Attachments E and G, respectively. As

set forth in that motion, the purpose of the partial unsealing was to afford Mr. James Rosen, a

reporter, and Fox News Network the opportunity to view the proposed redactions to the original

application prior to it being placed on the public docket. Counsel for Mr. Rosen and Fox News

Network did review the documents and offered no objections. Accordingly, the Government also

offers proposed redacted versions of that motion and order at Attachments F and H.[1]

Finally, by this Motion, the Government seeks to unseal this motion (without attachments)

and the resulting Court order, redacting only the personally identifiable information contained in

the case caption. Proposed redacted versions of that motion and proposed order are appended as

Attachments I and J.

A proposed Order is submitted herewith.

**WHEREFORE**, the Government respectfully requests (1) that this Honorable Court order

that all documents associated with the above-captioned application be unsealed and (2) that the

attached redacted versions of those documents be placed on the public record.

<div style="margin-left:40%">

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By: _____/s/_____

Deborah A. Curtis
Assistant United States Attorney
National Security Section
California Bar Number 172208
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920
deborah.curtis@usdoj.gov

</div>

---

[1] At the request of counsel for Mr. Rosen and Fox News Network, their names are not redacted from the documents.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. §2703(d) FOR ACCOUNT: ████████████ | **MISC. NO. 09-532**<br><br>Related to:<br>Criminal No. 1:10-cr-00225-CKK<br>Misc. No: 1:16-mc-02183<br><br>**Under Seal** |

## ORDER

Upon consideration of the Government's motion to unseal the above-captioned application, order and related paperwork, as well as the motion to modify the original sealing order and the order granting that motion and the instant motion to unseal (without attachments) and this order, for the reasons set forth in the Government's motion and for good cause shown, it is this

_____ day of December, 2016,

ORDERED that the Government's motion is hereby GRANTED, and that the above-captioned application, order and related paperwork be unsealed.

Further ORDERED that, to protect the privacy of the individuals involved, the proposed redacted versions of the documents be placed on the public record.


_____
UNITED STATES DISTRICT COURT JUDGE
COLLEEN KOLLAR-KOTELLY

Copy to:

Deborah A. Curtis
Assistant United States Attorney
National Security Section
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920